UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS DONNACHIE )<br><br>Plaintiff, )<br><br>vs. )<br><br>ACCOUNTS RECEIVABLE MANAGEMENT )<br>OF FLORIDA, INC. )<br><br>Defendant. )<br>) | Case Number<br><br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Douglas Donnachie, by and through his undersigned counsel, Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.     Plaintiff is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.  Venue is also proper in that Plaintiff resides in this District.

**III.    PARTIES**

4.     Plaintiff, Douglas Donnachie, is an adult individual and citizen of the Commonwealth of Pennsylvania, with a mailing address of 280 South 23rd Street, Lebanon, PA 17042.

5.     Defendant, Accounts Receivable Management of Florida, Inc. ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 9000 Regency Square Boulevard, Floor 1, Jacksonville, FL 32211.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**IV.    FACTUAL ALLEGATIONS**

7.     On October 3, 2008, Defendant's agent, Ashley Randolph left a message for Plaintiff as follows, "This message is for Douglas.  It is imperative that you or your legal representation return a phone call to Ashley Randolph today.  My contact number is 866-679-4046. Ashley Randolph."

8.     Plaintiff called Defendant back on October 3, 2008.  During the conversation that ensued, Ms. Randolph told Mr. Donnachie that she was calling from

"United Legal Corporation".  The call was in regards to a Cash Supply Payday Loan allegedly owed by Plaintiff in the amount of $1500.00.  Defendant's agent demanded payment in full that day.  Mr. Donnachie was unable to do that.  Miss Randolph told Plaintiff that her client would get their money somehow.

9.      Defendant, by and through its agents, began to leave a series of harassing and deceptive messages.  In each message, the tone of Defendant's agents was loud, aggressive and ominous.

10.     Examples of the above referenced messages include, but are not limited to, the following.

a.      "This message is intended for Douglas Donnachie.  Please return the call to Miss. Henderson today.  You or your legal representative.  It is important that you **do** return the call to my office as soon as you receive this message.  I have some information for you that requires your **immediate** attention.  My office contact number is 866-679-4046.  You have **one** hour to return the call to my office **today**."

b.      "This message is intended for Douglas Donnachie.  Douglas, this is Paul Thomas and this is not a solicitation and it's **extremely** important, Douglas, that you do not disregard this message because I'm actually showing on several attempts you've been contacted.  No return call.  My office number is 866-679-4046.  Return the call and return it **immediately**.  If you're not able to return the call, have your legal representative do so. As I stated, this is not a solicitation.  It is **extremely** important, sir, that you do not disregard this message."

11.     Defendant's agents, at no time, recited the mini-miranda and, in fact, deceptively used a name different than that of the Defendant.  These are violations of the FDCPA.

12.     Defendant failed to send Plaintiff a 30 day validation notice.  This is a violation of the FDCPA.

13.     The harassing, threatening and deceptive contacts are violations of the FDCPA.

## COUNT I
### FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

14.     The above paragraphs are hereby incorporated herein by reference.

15.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:  15 U.S.C. 1692c(a)(1), d, d(5), d(6), e, e(2), e(5) e(10), e(11), e(14),  f, and g.

16.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief.

**WHEREFORE**, Plaintifs respectfully requests that this court enter judgment in his favor and against Defendant and Order the following relief:

a.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.     Actual damages;

c.      Statutory damages pursuant to 15 U.S.C. §1692k;

d.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

e.      Such addition and further relief as may be appropriate or that the interests

of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION
## UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

17.      Plaintiff repeats, re-alleges and incorporates by reference the foregoing

paragraphs.

18.      The collection of a debt in Pennsylvania is proscribed by the Fair Credit

Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the

Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et

seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

19.      The alleged debt Defendant was attempting to collect is a debt as defined

by 73 Pa. C.S. § 2270.3.

20.      The FCEUA proscribes, inter alia, engaging in any false, misleading or

deceptive representations when attempting to collect a consumer debt.

21.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

22.     Violations of the FDCPA is a _per se_ violation of the FCEUA and the UTPCPL.

23.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

24.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW
## ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

25.     The foregoing paragraphs are incorporated herein by reference.

26.     Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

27.     The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

28.     The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

a.     Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.     Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.     Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

29.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

30.     By virtue of the violations of law aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a.     An Order declaring that Defendant violated the UTPCPL;

b.     Actual damages;

c.     Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.      **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:**   10/27/08                          **BY:**    /s/Carol L Vassallo
                                                   Carol L Vassallo
                                                   Identification No. 45372
                                                   1603 Rhawn Street
                                                   Philadelphia, PA  19111
                                                   215-745-9800   Fax 215-745-7880
                                                   Attorney for Plaintiffs